Law Office of John C. Feggeler, LLC
177 Main Street, P.O. Box 157
Matawan, NJ 07747
732-583-6700
Attorney for Defendant Samuel Louis

## IN THE UNITED STATES DISTRICT COURT FOR THS
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>                        Interpleader-Plaintiff,<br>vs.<br><br>ALEX JEAN, MARJORIE C. JOHNSON a/k/a MARJORIE CONDE, SAMUEL LOUIS a/k/a SAMUEL LOUISE, ESTATE OF MARJORIE L. LEROUGE and JOHN DOES 1-10 (fictitious individuals and/or entities,<br><br>                      Defendants | Civil Action No.: 3:17-cv-12144-BRM-DEA<br><br><br><u>Civil Action</u><br><br><br>**ANSWER, COUNTERCLAIM<br>and CROSS CLAIM** |

The Defendant, Samuel Louis, by way of answer to the Complaint for Interpleader says:

1.      Defendant neither admits nor denies the allegations in paragraphs #1, #2, and #3, but leaves the Plaintiff to its proofs in that regard.

2.      Paragraphs #4, #5, #6, #7, #8, #9, #10, #11, #12, #13, #14, and #15 are admitted.

3.      Paragraph #16 is denied.

4.      Paragraphs #17, #18, #19 and #20 are admitted.

5.      Paragraphs #21, #22, and #23 are denied.

**WHEREFORE**, Defendant Samuel Louis requests that the Court enter an Order:

a.      Directing the interpleader-Plaintiff to deposit the death benefit payable under the policy in the total amount of $50,000.00 with the Clerk of Court pending a resolution of the competing claims.

b.      Denying the interpleader-Plaintiff's demands preventing this answering Defendant from asserting any claims against Globe Life relating to the subject policy.

c.      Denying interpleader-Plaintiff's request to be discharged from any liability in connection with the policy.

d.      For any other relief deemed equitable and just.

**CROSSCLAIM FOR DAMAGES**
**AGAINST ALEX JEAN, MARJORIE C. JOHNSON**
**a/k/a MARJORIE CONDE and ESTATE OF MARIE LEROUGE**

1.      Defendant Samuel Louis was a designated beneficiary of the subject Policy along with the insured's son, Alex Jean since September 27, 2013 and he was married to the insured since August 24, 2003.

2.      At all times herein, Defendant Samuel Louis was the lawful spouse of the insured, Marie L. LeRouge, through the time of her death on July 13, 2017.

3.      During the time of the insured's final illness, her niece, Defendant, Marjorie C. Johnson a/k/a Marjorie Conde, used undue influence and otherwise coerced and/or deceived the insured to remove Defendant Louis from the subject Policy and to add herself as beneficiary in his place.

4.      The Defendant, Marjorie C. Johnson a/k/a Marjorie Conde, orchestrated a certain phone call on July 3, 2017 from the sickbed of the insured to the Interpleader-Plaintiff wherein the insured allegedly orally requested that her husband be removed as beneficiary and

replaced by her niece, Marjorie C. Johnson a/k/a Marjorie Conde.  As a result of the said manipulative conducts by Defendant Marjorie C. Johnson a/k/a Marjorie Conde, Defendant Samuel Louis was removed as a designated beneficiary.

5.     A voice recording of the telephone call demonstrates the drama and bad faith of Defendant Marjorie C. Johnson a/k/a Marjorie Conde and gives the impression that the insured was not acting of her own volition.

6.     A few days prior to that occurrence, the Defendant, Marjorie C. Johnson a/k/a Marjorie Conde and other members of her immediate family forcibly removed the insured from her marital home at 71-A Overlook Way, Manalapan, NJ, and brought her to a residence in New York City.

7.     The actions of Defendant, Marjorie C. Johnson a/k/a Marjorie Conde, have damaged the interests of Defendant Louis and have otherwise unlawfully interfered with his rights as prior beneficiary of the subject policy and lawful spouse of the insured.

8.     The Defendant, Alex Jean, was fifty percent (50%) beneficiary of the subject Policy as of September 27, 2013 and is thought to be a fifty percent (50%) beneficiary under the purported oral change that occurred on July 3, 2017.

9.     The Defendant Louis has sustained certain damages and costs in connection with the fraudulent and deceptive conducts of Defendant Marjorie C. Johnson a/k/a Marjorie Conde since he was not able to obtain his rightful share of proceeds from the Policy as beneficiary.  For example, Defendant Louis incurred funeral costs and cremation expenses in excess of $4,000.00 plus medical bills for his wife in excess of $14,000.00.

**WHEREFORE,** Defendant, Samuel Louis, demands the following relief:

a.      Judgment declaring that the purported change in the subject Policy on July 3, 2017, be null and void and that the beneficiary status as designated on September 27, 2013 be declared valid and otherwise in effect at the time of the insured's death on July 13, 2017.

b.      Distribution of proceeds to Samuel Louis for reimbursement/payment of the insured's funeral and cremation expenses as well as her medical bills with the remaining portion being distributed one-half (50%) of the life insurance amount to his person and the remaining 50% to Defendant, Alex Jean.

c.      For monetary damages as the result of tortuous interference by Defendant, Marjorie C. Johnson a/k/a Marjorie Conde with the life insurance policy that was effectuated on September 27, 2013, together with attorneys fees and costs of suit.

## COUNTERCLAIM

The Defendant by way of Counterclaim against interpleader-Plaintiff, Globe Life, says:

1.      Defendant, Samuel Louis was married to Marie LeRouge (i.e. the "insured") on or about August 24, 2003 until her death on July 13, 2017.

2.      During the course of his marriage, counterclaimant's wife, in 2013, changed the Policy's beneficiary designation from "Alex Jean" to "Samuel Louis and Alex Jean."  Premium payments were current through July 13, 2017.

3.      The following language is stated in the subject policy of insurance:

"CHANGE IN CERTIFICATE OWNER AND BENEFICIARY – Unless You provide otherwise in writing to Us, You may change the Owner or Beneficiary during the lifetime of the Insured…. The change will take effect on the date [of] the request…"

4.      At all times herein, the interpleader-Plaintiff's Policy required that changes to the policy be made at the request of the insured in written form.

5.     The interpleader-Plaintiff has violated its own obligations pursuant to the policy by purporting to recognize a change in beneficiary with respect to a telephone call allegedly made by the said insured on July 3, 2017, whereas the aforesaid language requires that such changes can only be made in writing at the request of the insured.

6.     The record should also reflect that the said insured is alleged to have made the oral request on July 3, 2017 for a change in beneficiary from "Samuel Louis and Alex Jean" to "Marjorie C. Johnson and Alex Jean."

7.     The purported change, in violation of the Policy, removed the Defendant-Counterclaimant, Samuel Louis, from being a co-beneficiary of the said Policy.

8.     The Defendant-Counterclaimant Louis was still married to the insured at the time of the purported change and had already incurred significant monetary expenses in connection with her treatment and care during her final illness.

9.     The Defendant-Counterclaimant was personally knowledgeable about the existence of the subject Policy and incurred expenses for the benefit of the insured in reliance on that Policy and its provisions.

10.     The Defendant-Counterclaimant is entitled to receive his share of the subject Policy proceeds based on his status as a legal beneficiary since September 27, 2013.

11.     As a result of the conducts of the interpleader-Plaintiff in violating its own Policy requirements, the Defendant-Counterclaimant has suffered diminution in his creditworthiness and loss of reputation, certain financial stress and related difficulty in paying the insured's final bills and expenses.  He is also being forced to incur certain legal expenses in connection with his claims in obtaining policy proceeds for their intended purpose.

**WHEREFORE**, the Defendant-Counterclaimant demands judgment against the interpleader-Plaintiff for enforcement of the subject Policy that was made on September 27, 2013, together with monetary damages and costs of suit.

Law Office of John C. Feggeler, LLC

Dated: _____                By: _/s/ John C. Feggeler, Jr._

John C. Feggeler, Jr., Esq.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other actions pending in any other Court or of a pending Arbitration proceeding, and that no other action or Arbitration proceeding is being contemplated.

Dated: _____                _/s/ John C. Feggeler, Jr._

John C. Feggeler, Jr., Esq.