LAW OFFICES OF ERIC DINNOCENZO
Eric Dinnocenzo (ED 3430)
469 Seventh Avenue, Suite 1215
New York, NY 10018
(212) 933-1675
*Attorneys for Defendants Alex Jean and Marjorie Johnson*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | CASE NO. 17-cv-12144 (BRM)(DEA) |
| vs. | |
| ALEX JEAN, MARJORIE C. JOHNSON a/k/a MARJORIE CONDE, SAMUEL LOUIS a/k/a SAMUEL LOUISE, ESTATE OF MARIE L. LEROUGE, and JOHN DOES 1-10, | JURY TRIAL DEMANDED |
| Defendants. | |

---

**DEFENDANTS ALEX JEAN AND MARJORIE JOHNSON'S ANSWER, AND CROSS-CLAIMS TO THE INTERPLEADER COMPLAINT**

Defendants Alex Jean and Marjorie C. Johnson (herein "defendants"), by their attorney, the Law Offices of Eric Dinnocenzo, for their answer to the complaint in interpleader filed by plaintiff, Hartford Insurance Company, alleges the following:

1.   Defendants admit the allegations set forth in paragraphs 2, 3, 5-14, 16, and 17 of the complaint.

2.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 4, 15, 18-23 of the complaint.

**CROSS-CLAIMS AGAINST DEFENDANT SAMUEL LOUIS**

Defendants Alex Jean and Marjorie Louis (herein "defendants") file and assert cross-claims against defendant Samuel Louis as follows:

3. Cross-claimant defendant Alex Jean is a resident of Brooklyn, New York. He is the son of the insured.

4. Cross-claimant defendant Marjorie Louis is a resident of the State of Virginia. She is the niece of the insured.

5. Plaintiff Globe is a company in the business of issuing life insurance policies that, upon information and belief, is organized under the laws of Nebraska and has its principal place of business in Oklahoma.

6. Upon information and belief, defendant Samuel Louis is a resident of the State of New Jersey.

7. Jurisdiction in this court is proper based on the interpleader statute 28 U.S.C. § 1335. Further, the cross-claims asserted by defendants are against diverse parties and are related to the complaint. See 28 U.S.C. § 1367.

8. In or about March 13, 2013, a life insurance policy was issued by plaintiff to Marie Lerouge, as owner and insured under the policy. The policy is identified in the complaint as bearing number 00-5F89724 and has a death benefit of $50,000. The policy identified Alex Jean as full beneficiary.

9. Subsequently, in or about March 6, 2014, according to plaintiff, the beneficiary designation was changed verbally in a telephone call so that Alex Jean and Samuel Louis were named as beneficiaries on an equal basis.

10. On July 3, 2017, the insured called plaintiff and in a lengthy phone call changed the beneficiary to Alex Jean and Marjorie Johnson on an equal basis. This

change was confirmed by the insured and was processed by plaintiff.  At all times, plaintiff indicated that the insured could make a beneficiary change by telephone, and never indicated that a signed document was required.

11. The insured made the change because she wanted to provide her son with money and also wanted to provide money for her funeral services, trusting that her niece, defendant Marjorie Johnson, would take care of this with her share of the death benefit.

12. The insured was of sound mind when she made the beneficiary change and understood the nature and consequences of her actions.

13. The insured was not under the influence of any person when she made the beneficiary change and made the change of her own free will.

14. The insured's relationship with defendant Samuel Louis, who although her husband was twenty years her junior, was in disrepair and she did not want him to receive any part of the death benefit.

15. Upon information and belief, the insured died on July 13, 2017.

16. The subject life insurance policy was valid and in effect on the date of death.

17. There is no basis in law or fact to refuse payment of the full death benefit to defendants.

18. While the beneficiary change in favor of defendants was carried out by telephone, the confirmatory writing from plaintiff stated, "All previous beneficiary designations for this policy are now cancelled.  By recording this new change, the Company agrees that any provision of this policy requiring an endorsement of the actual policy so as to affect a change of beneficiary is hereby waived."

19. Accordingly, the plaintiff and insured mutually agreed to waive or circumvent or alter the terms of the policy in order to effectuate the beneficiary change.

20. Alternatively, if this Court finds that the beneficiary change to defendants is invalid because it was not executed in writing, then the prior designation in favor of defendant Samuel Louis would also be invalid because it was likewise made by telephone.  As such, the beneficiary would revert to solely Alex Jean, as he was the previously named sole beneficiary when the policy was issued.

21. In either scenario, defendant Alex Jean is entitled to at least $25,000, and the claims for reimbursement of medical expenses and cremation expenses by defendant Samuel Louis have no basis in this action.  Moreover, defendant Samuel Louis had the insured cremated when he discovered that he was no longer a beneficiary of the policy, simply because it was cheaper than a standard burial funeral, and by doing so, he dishonored the insured's wishes and caused great distress to her family.

22. Defendant Samuel Louis has made a wrongful demand for the policy that has prevented its payment to defendants and has tortuously interfered with their contractual rights.

23. Defendant Samuel Louis has made this wrongful demand even though he knows or should know that he does not have a rightful claim or entitlement any part of the policy and it should be paid to defendants.  Moreover, defendant Samuel Louis knows that Alex Jean should receive at least $25,000, yet he is wrongfully and in bad faith preventing Alex Jean from recovering that amount.

24. Defendants seek a declaration of the rights and obligations of the parties by this Court in accordance with the applicable provisions of law relating to declaratory judgments.

25. Defendants are entitled to a declaratory judgment establishing that the full policy must be paid to them and that defendant Samuel Louis has no rights to the policy or its proceeds.

26. Defendants seek and are entitled to injunctive relief directing and ordering payment of the full value of the policy to them to the exclusion of defendant Samuel Louis. Specific performance of the policy is warranted.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues involved herein.

### PRAYER FOR RELIEF

WHEREFORE, defendants Alex Jean and Marjorie Johnson respectfully request judgment on all of their claims and defenses against the other parties to this action as follows:

(a) Declaring that the full policy should be paid to them in equal shares, or alternatively, it should be paid entirely to Alex Jean;

(b) Declaring that defendant Samuel Louis has no rights to the life insurance death benefits or any part thereof, and that defendants are the full beneficiary who are entitled to the full policy;

(c) Directing payment of the full death benefit in the sum of $50,000 to defendants, plus interest from the date of death;

(d) An award of all other actual and compensatory damages to defendants;

(e) Costs and disbursements as provided by law; and

(f) Any other relief as this Court deems just and proper.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that ERIC DINNOCENZO, ESQ., has been designated as trial counsel in the above matter.

**CERTIFICATION**

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated.  All parties known to plaintiff at this time who should have been joined in this action, have been joined.


Dated:   New York, New York
         February 20, 2018


                                LAW OFFICES OF
                                ERIC DINNOCENZO

By:   *s/Eric Dinnocenzo*___
      Eric Dinnocenzo  (ED 3430)
      Attorney for Defendants Alex Jean
      and Marjorie Johnson
      469 Seventh Avenue
      Suite 1215
      New York, NY 10018
      (212) 933-1675
      eric@dinnocenzolaw.com